IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUN WARRICK, | : | Civil No. 3:23-cv-591 |
| Plaintiff | : | |
| v. | : | (Judge Mariani) |
| SECRETARY LAUREL HARRY, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Shaun Warrick ("Warrick"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Docs. 1, 1-1). In the original complaint, Warrick named the following Defendants: Secretary Laurel Harry[1], Sergeant Donna Green, Counselor Yvette Nettles, Officer Barksdale, Officer Harrison, and Officer Buelto. (Doc. 1-1 ¶ 4). Defendants previously filed a motion (Doc. 16) to dismiss the original complaint.[2] By Memorandum and Order dated January 26, 2024, the motion was granted in part and denied in part. (Docs. 33, 34). Specifically, the Court dismissed the claims against Defendant Nettles, dismissed the First Amendment retaliation claim against Defendant Harry, dismissed the Eighth Amendment inadequate medical care claim, dismissed the Eighth Amendment use of oleoresin

---

[1] Laurel Harry is the current Secretary of the Pennsylvania Department of Corrections and, previously, was the Superintendent/Facility Manager at the State Correctional Institution at Camp Hill, Pennsylvania.

[2] Defendants also filed a motion (Doc. 20) for summary judgment, which remains pending.

Case 3:23-cv-00591-RDM-CA    Document 47    Filed 04/05/24    Page 2 of 11

capsicum ("OC") spray claim against Defendant Harry, and dismissed the Eighth Amendment conditions of confinement claim against Defendant Harry without prejudice and with leave to amend only with respect to this claim. (*Id.*). On February 8, 2024, Warrick filed an amended complaint. (Doc. 35).

Presently pending before the Court is Defendant Harry's motion (Doc. 36) to dismiss the Eighth Amendment conditions of confinement claim. Warrick failed to respond to the motion and the time for responding has now passed.[3] Therefore, the motion is deemed unopposed and ripe for resolution. For the reasons set forth below, the Court will deny the motion.

I.  **Allegations of the Amended Complaint[4]**

Warrick alleges that, thirty minutes after he assaulted a staff member at the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill"), Defendant Harry approved an emergency transfer and recommended that he be placed on the Restricted Release List ("RRL"). (Doc. 35 ¶ 22). Warrick claims that RRL is an indefinite isolation

---

[3]  Warrick was directed to file a brief in opposition to Defendant Harry's motion and was admonished that failure to file an opposition brief would result in Defendant's motion being deemed unopposed. (Doc. 44) (citing M.D. PA. LOCAL RULE OF COURT 7.6). Pursuant to the Court's Order, Warrick's opposition brief was on or before March 27, 2024. (*See* Doc. 44). Warrick failed to file an opposition brief. Instead, he filed a document labeled "supplemental amended complaint" (Doc. 45) but did not move for leave to file a supplemental complaint. Leave of the court is required for a party to file a supplemental complaint. *See* FED. R. CIV. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading..."). Because Warrick did not file a motion for leave to supplement, the Court declines to consider the proposed claims in the unauthorized "supplemental amended complaint." The Clerk of Court will be directed to strike this filing from the record.

[4]  The Court only includes the allegations relevant to Defendant Harry.

2

status for prisoners "with multiple serious assaults or who commit murder while incarcerated." (*Id.* ¶ 23; *see also Id.* ¶ 33). Warrick claims he does not meet the criteria for RRL. (*Id.*). He asserts that Defendant Harry watched the video footage and read the reports from the incident but refused to act. (*Id.* ¶ 24). Instead, Warrick believes that Defendant Harry justified her actions by falsely reporting that he had a knife. (*Id.*).

In April of 2021, Warrick was transferred to the State Correctional Institution at Mahanoy, Pennsylvania ("SCI-Mahanoy"). (*Id.* ¶¶ 25-27). Prison officials at SCI-Mahanoy allegedly informed Warrick that Defendant Harry directed that he be placed on RRL regardless of the outcome of a misconduct hearing. (*Id.* ¶ 32). Warrick asserts that "RRL is usually initiated by the Facility Manager" and that Defendant Harry "took a predatory interest in the plaintiff after his transfer." (*Id.* ¶ 34).

Warrick alleges that since April of 2021, he has been subjected to the following conditions: only being given ten minutes to eat his meals; being served lower quality food than inmates in general population; prohibited from participating in educational programs; prohibited from participating in any organized activities; prevented from meaningful mental health treatment; prevented from having contact visits with lawyers, family members, and clergy; prohibited from physical contact with any visitors and is permitted one visit per week; subjected to mandatory strip searches and possibility of a body cavity search every time he leaves and enters his cell; placed in handcuffs and shackles every time he leaves his cell; subjected to limits on the amount of personal property he may be able to keep; no

interactions with other prisoners; physical assaults by other inmates and personal property taken; deprived of participating in any religious, vocational, recreational or educational programs; and being kept in a cell with sealed doors. (*Id.* ¶¶ 38, 39, 45-47). Warrick also claims that since his placement on RRL, he has been confined in a 7' by 12' cell, he is allowed to shower three days per week, he is subjected to extreme noise and 24-hour lighting, he is housed in a cold cell, and he is only permitted to use the yard in an exercise cage for one hour per weekday. (*Id.* ¶¶ 44, 50, 53, 55, 57, 59).

Warrick alleges that Defendant Harry knew of these conditions by "promulgating, approving, and implementing and enforcing the policy which kept Mr. Warrick in solitary confinement." (*Id.* ¶ 89; *see also Id.* ¶ 85).

## II.  Legal Standard

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations,...a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words,

4

"[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Discussion

### A. Eighth Amendment Conditions of Confinement Claim

Warrick alleges that Defendant Harry subjected him to cruel and unusual punishment in violation of the Eighth Amendment by directing his placement on RRL and failing to remove him from RRL. (Doc. 35 ¶¶ 32, 34, 42). Because he is on RRL, Warrick claims he is housed in conditions that constitute solitary confinement. (*Id.* ¶ 46). Warrick asserts that he has been on RRL since April of 2021 and has been confined in a 7' by 12' cell. (*Id.* ¶ 44). As a result, Warrick asserts that he has been subjected to "treatment which fell below the minimum standards required by the Eighth Amendment to the constitution." (*Id.* ¶ 90).

Defendant Harry argues that Warrick's Eighth Amendment claim must be dismissed because, even considering the conditions in combination, he failed to allege that he was denied the minimal civilized measure of life's necessities. (Doc. 37, pp. 8-15). Defendant Harry further argues that Warrick failed to establish that Harry was aware of any allegedly

unreasonable risk that Warrick's rights may be violated, and failed to establish that she was deliberately indifferent to that risk. (*Id.* at pp. 15-17).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment. Cruel and unusual punishment is punishment that "violates civilized standards of humanity and decency." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997). Prison conditions are cruel and unusual if they deprive inmates of basic human needs, such as food, sanitation and medical care. *Rhodes v. Chapman*, 452 U.S. 337, 347-348 (1981).

The Eighth Amendment does not require prisons to be comfortable. *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 373 (3d Cir. 2019) (citing *Rhodes*, 452 U.S. at 349). Because the prohibition "is directed only toward 'punishment,' it applies only to deprivations that constitute an 'unnecessary *and wanton* infliction of pain, including 'those that are 'totally without penological justification.'"" *Id.* at 372 (emphasis in original).

An inmate making a cruel and unusual punishment claim must show that the deprivation was objectively serious and that a prison official acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Whether the harm is objectively serious is measured by whether "it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 257 (3d Cir. 2010) (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)) (emphasis in original).

Although placement on RRL does not by itself violate the Eighth Amendment, *see Bramble v. Wetzel*, No. 4:20-CV-2394, 2022 WL 55021, at *7 (M.D. Pa. Jan. 7, 2022), allegations of prolonged solitary confinement as a result of an inmate's RRL status may be sufficient to state an Eighth Amendment claim upon which relief may be granted. *See Clarke v. Coupe*, 55 F.4th 167, 179-80 (3d Cir. 2022); *Palakovic v. Wetzel*, 854 F.3d 209, 225-26 (3d Cir. 2017).

Warrick alleges that his RRL placement has led to continued solitary confinement since April 19, 2021, a period of approximately three years. As set forth above, Warrick alleges that since April of 2021, he has been subjected to the following conditions: only being allotted ten minutes to eat his meals; being served lower quality food than inmates in general population; prohibited from participating in educational programs; prohibited from participating in any organized activities; prevented from meaningful mental health treatment; prevented from having contact visits with lawyers, family members, and clergy; prohibited from physical contact with any visitors and is permitted one visit per week; subjected to mandatory strip searches and possibility of a body cavity search every time he leaves and enters his cell; placed in handcuffs and shackles every time he leaves his cell; subjected to limits on the amount of personal property he may be able to keep; no interactions with other prisoners; physical assaults by other inmates and personal property taken; deprived of participating in any religious, vocational, recreational or educational programs; and being kept in a cell with sealed doors. (Doc. 35 ¶¶ 38, 39, 45-47). Warrick also claims that since

his placement on RRL, he has been confined in a 7' by 12' cell, he is allowed to shower three days per week, he is subjected to extreme noise and 24-hour lighting, he is housed in a cold cell, and he is only permitted to use the yard in an exercise cage for one hour per weekday. (*Id.* ¶¶ 44, 50, 53, 55, 57, 59).

At this point, given the litany of conditions alleged by Warrick, and viewing the allegations of the amended complaint in the light most favorable to Warrick, the Court concludes that he has set forth sufficient allegations to satisfy the objective prong of an Eighth Amendment conditions of confinement claim.

Moreover, Warrick has plausibly alleged that Defendant Harry demonstrated deliberate indifference to his conditions by noting that Defendant Harry ordered his placement on RRL, and he has been given no opportunity to challenge or appeal his RRL status. (Doc. 35 ¶¶ 32, 89). Warrick further alleges that Defendant Harry promulgated, approved, implemented, and enforced the policy resulting in Warrick being held in solitary confinement in violation of his Eighth Amendment rights. (*Id.* ¶ 89). He additionally alleges that "Defendant Harry was well aware of the scholarly research which indicated the severely negative impact of long term solitary confinement on mental health." (*Id.* ¶ 88). Accordingly, the Court will deny Defendant Harry's motion to dismiss the Eighth Amendment conditions of confinement claim.

### B. Claim for Compensatory Damages

Warrick seeks compensatory damages "in a[n] unspecified amount." (Doc. 35, p. 15). Defendant Harry argues that Warrick failed to state a plausible claim for compensatory damages because his injuries are not actual injuries for an award of compensatory damages. (Doc. 37, pp. 17-18).

Compensatory damages are available for violations of § 1983 "to compensate persons for injuries caused by the deprivation of constitutional rights." *Carey v. Piphus*, 435 U.S. 247, 254 (1978). An award of damages may not, however, be based on the "abstract value of a constitutional right." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 308 (1986). Rather, it must be based on evidence of an "actual injury" suffered by the plaintiff. *Carey*, 435 U.S. at 264; *see also Farrar v. Hobby*, 506 U.S. 103, 112 (1992) ("[N]o compensatory damages may be awarded in a [Section] 1983 suit absent proof of actual injury.").

Warrick alleges that he suffers from the following injuries—loss of mental health, stress, anxiety, depression, suicidal thoughts, mental anguish, fear, and treatment which fell below the minimum standards required by the Eighth Amendment. (Doc. 35, p. 15 ¶ 90). It would be premature to delve into the factual determinations required for an award of compensatory damages at the motion to dismiss stage. The Court will deny Defendant Harry's motion to dismiss the request for compensatory damages.

## IV. Conclusion

Based on the foregoing, the Court will deny Defendant Harry's motion (Doc. 36) to dismiss. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: April 5, 2024