IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUN WARRICK, | : | |
| Plaintiff | : | |
| | : | No. 3:23-CV-0591 |
| v. | : | |
| | : | Judge Mariani |
| SECRETARY LAUREL HARRY, | : | |
| | : | Electronically Filed Document |
| | : | |
| | : | *Amended Complaint Filed* |
| | : | *02/08/24* |
| Defendant | : | |

### DEFENDANT HARRY'S NOTICE TO THE COURT REGARDING EXISTENCE OF POTENTIALLY DUPLICATIVE SUIT

Defendant Harry, by and through counsel, submit the following notice to inform the parties and the Court of the existence of a possibly duplicative suit, and aver as follows:

Plaintiff's Current Suit

1. Presently pending before this Court is an Eighth Amendment conditions of confinement claim against Defendant Harry. *See* Doc. 35; *see also* Docs. 56-57.

2. Plaintiff's claim is centered upon his placement on the Restricted Release List ("RRL"). Doc. 35 at ¶ 22.

3. In support of his allegations, Plaintiff avers that he has experienced harsh and harmful conditions while placed upon the RRL. Id. at ¶¶ 38(a)-(o), 39, 45-47.

4. Specifically, Plaintiff contends that he has been denied access to mental health care and programming. Id. at ¶¶ 38(c)-(e), (n).

5. As relief, Plaintiff seeks injunctive and monetary relief. Id. at 15.

### Class Action Challenging Solitary Confinement

6. On March 4, 2024, attorneys from the Abolitionist Law Center, Pennsylvania Institutional Law Project and Dechert LLP filed a prospective class action in the Eastern District of Pennsylvania. *See Hammond, et al., v. Pennsylvania Department of Corrections, et al.*, 24-CV-0922 (EDPA).

7. This prospective class action seeks to "end the unlawful use of solitary confinement in the Pennsylvania Department of Corrections." *See* 24-CV-0922, Doc. 1 at ¶ 1.

8. In the prospective class action, Plaintiffs allege that the Department of Corrections ("Department") employs unlawful solitary confinement conditions across a range of housing units and housing statuses, categorized as "Security Level 5" ("SL5"), including the Restricted Housing Unit ("RHU"), RRL and IMU. Id. at ¶¶ 81-169.

9. Prospective class Plaintiffs contend that the conditions in these units are

harmful, due to a lack of programming, lack of mental health care and an increased risk of self-harm and suicide. Id. at ¶¶ 170-231.

10. As identified in the complaint, the prospective class action identifies numerous sub-classes:

   a. The Mental Health Class: All individuals who are currently or in the future will be housed in an SL5 unit in the Pennsylvania Department of Corrections and who have ever had a 'C' or 'D' designation on the DOC's mental health roster. Id., at ¶ 369.

   b. The Prolonged Solitary Confinement Class: All individuals who are currently or in the future will be housed in any SL5 unit in the Pennsylvania Department of Corrections and who have spent three years or longer, whether cumulative or continuous, in an SL5 unit. Id., at ¶ 370.

   c. The Disability Class: All individuals who are currently or in the future will be housed in any SL5 unit in the Pennsylvania Department of Corrections and have a mental health condition that substantially limits one or more major life activities. Id., at ¶ 371.

   d. The RRL Class: All individuals who are or in the future will be on the Pennsylvania Department of Corrections' Restricted Release List. Id., at ¶ 372.

  e. The IMU Class: All individuals who are or in the future will be held in an Intensive Management Unit. Id., at ¶ 373.

  f. The Mental Health Damages Class: All individuals housed in an SL5 unit in the Pennsylvania Department of Corrections at any time since March 4, 2022, who have ever had a "C" or "D" designation on the mental health roster. Id., at ¶ 374.

  g. The Prolonged Solitary Confinement Damage Class: All individuals who have spent three years or longer, whether cumulative or continuous, in any SL5 unit in the DOC and have been housed in an SL5 unit at any time since March 4, 2022. Id., at ¶ 375.

11. As relief, the class seeks a permanent injunction forbidding the Department from placing any individual in any of the sub-classes in a restrictive housing environment, as well as monetary damages for the two damages sub-classes. Id., at ¶¶ A-N.

12. It is counsel's understanding that attorneys for the Defendants filed a response to the prospective class action complaint on May 7, 2024.

13. It is believed and therefore averred that Plaintiff Warrick is a potential member of at least three of the seven prospective sub-classes identified in *Hammond*.

14. Plaintiff Warrick alleges that he has been held in solitary confinement and on

the RRL since April 2021 likely rendering him a potential member of the Prolonged Solitary Confinement Class and the RRL class.

15. Given Plaintiff's allegations about the length of time he has been housed in a restrictive environment, it is also likely that Plaintiff is a potential member of the Solitary Confinement Damages Class.

16. Counsel identifies this issue for the Court and the parties at this early stage – and prior to the point when all parties have invested significant time and resources into the discovery phase of this action – because relatively soon the prospective class-counsel will move for class certification, and Plaintiff will then have a choice to make that very likely impacts this litigation.

17. Plaintiff can opt-in to the class action, where he appears to be a member of potentially three of the seven sub-classes, or he can opt-out and continue with his pro se litigation; but Plaintiff cannot do both given the substantial overlap between his factual claims and requested relief, and that of the prospective class action.

18. Defendant respectfully requests a stay of this matter until Plaintiff informs this Court and Defendant of his intentions regarding the class action.

19. If the Court would like, counsel can continue to provide updates on the progress of the prospective class-action.

WHEREFORE, Defendant respectfully requests that this Honorable Court either issue a stay of this matter until it is resolved whether Plaintiff will opt-in to the class action, or schedule a teleconference to resolve the matter.

Respectfully submitted,

**MICHELLE A. HENRY**
Attorney General

By: *s/ Tyler Jefferies*
**TYLER JEFFERIES**
Deputy Attorney General
Attorney ID 330225

Office of Attorney General
15th Floor, Strawberry Square
Harrisburg, PA 17120
Phone: (717) 941-0376

**NICOLE R. DITOMO**
Chief Deputy Attorney General
Civil Litigation Section

tjefferies@attorneygeneral.gov

Date: May 15, 2024

*Counsel for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAUN WARRICK, | : | |
| Plaintiff | : | |
| | : | No. 3:23-CV-0591 |
| v. | : | |
| | : | Judge Mariani |
| SECRETARY LAUREL HARRY, | : | |
| | : | Electronically Filed Document |
| | : | |
| | : | *Amended Complaint Filed* |
| | : | *02/08/24* |
| Defendant | : | |

## CERTIFICATE OF SERVICE

I, Tyler Jefferies, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on May 15, 2024, I caused to be served a true and correct copy of the foregoing document titled Defendant Harry's Notice to The Court Regarding Existence if Potentially Duplicative Suit to the following:

VIA U.S. MAIL

Smart Communications/PADOC
Shaun Warrick, MC-8699
SCI Phoenix
PO Box 33028
St. Petersburg, FL 33733
*Pro Se Plaintiff*

                                 *s/ Tyler Jefferies*
                                 TYLER JEFFERIES
                                 Deputy Attorney General